UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

    Respondent,

v.                                 **MEMORANDUM OF LAW AND ORDER**
                                    Criminal File No. 07-366 (01) (MJD)

Anton James Anthony Miller,

    Petitioner.

---

Lisa D. Kirkpatrick, Assistant U.S. Attorney, Counsel for Respondent.

Robert H. Meyers, Assistant Federal Defender, Counsel for Petitioner.

---

## I. Introduction

This matter is before the Court on Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 45].

## II. Background

On October 10, 2007, Petitioner was charged by Indictment with Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g) and 924(e). He entered a plea of guilty to the charge on May 30, 2008.

The United States Probation Office prepared a Presentence Investigation Report ("PSR") advising that Petitioner was an Armed Career Criminal under Section 924(e) of the Armed Career Criminal Act ("ACCA") because he had at least three prior felony convictions for crimes of violence. In this case, the following prior convictions were considered for purposes of determining whether Petitioner was an Armed Career Criminal under the ACCA: a July 12, 1999 conviction for Simple Robbery; a September 20, 1999 conviction for First Degree Burglary; a January 21, 2000 conviction for escape; and a September 19, 2002 conviction for Second Degree Robbery. This Court adopted the guideline calculations set forth in the PSR, which determined the applicable range of imprisonment to be 188 to 235 months.

On September 23, 2008, Petitioner was sentenced to a term of imprisonment of 188 months. He did not appeal his sentence.

On June 30, 2016, Petitioner filed a *pro* se § 2255 motion to vacate, set aside or correct his sentence.

III. **Habeas Petition**

    A.    **Standard for Relief under 28 U.S.C. § 2255**

    28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In response to such a motion, the court shall give a prompt hearing therein to identify the issues, make findings of fact and determinations of law, "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.A. § 2255(b). "[A] petition can be dismissed without a hearing if . . . the petitioner's allegations, accepted as true, would not entitle the petitioner to relief." Englen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (internal citations omitted).

### B. Petitioner's Stated Grounds for Relief

The ACCA provides that an individual convicted under 18 U.S.C. § 922(g), and who has at least three previous convictions for a violent felony and/or a serious drug offense, is subject to a mandatory term of imprisonment of fifteen years. 18 U.S.C. § 924(e)(1). A "serious drug offense" is one under the Controlled Substances Act, 21 U.S.C. § 801 et seq., and a "violent felony" is defined as a crime punishable by imprisonment for a term exceeding one year

3

and that "has an element the use, attempted use, or threatened use of physical force against the person of another" or is "burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious risk of personal injury to another*." 18 U.S.C. § 924(e)(2)(B)(i) and (ii) (emphasis added). The residual clause, the italicized language above, was held to be unconstitutionally vague by the Supreme Court in Johnson v. United States, 135 S.Ct. 2551 (2015).

Petitioner argues that in light of Johnson, his conviction and sentence under § 924(e) cannot stand as he no longer qualifies as an Armed Career Offender as his prior felony conviction for first degree burglary and escape from custody under Minnesota law are no longer considered violent felonies.

The government initially responded to the petition by arguing that Johnson has no application in this case because he had three prior convictions which qualified as ACCA predicates independent of the residual clause. (Doc. No. 47) Thereafter, the government filed a supplemental response to address decisions that had been issued concerning when a prior conviction can be considered a violent felony. (Doc. No. 53) In a second supplemental response the government conceded that Petitioner's burglary conviction and escape conviction could no longer considered violent felonies for purposes of the

4

ACCA. (Doc. No. 54)  The government argued, however, that because Petitioner nonetheless has three prior violent felony convictions not counting the burglary and escape convictions, he is not entitled for relief.  The government argues that in addition to the 1999 conviction for simple robbery and the 2002 conviction for Second Degree Robbery, Petitioner pleaded guilty to a substantial battery charge in Superior, Wisconsin on April 22, 2007.  He was not sentenced for that conviction because he committed the instant offense and was in federal custody on the date he was to be sentenced in Wisconsin.

Because the legal landscape as to what constitutes a violent felony under the ACCA has continued to change since the petition was filed, the Court appointed counsel for Petitioner and stayed the case twice pending relevant decisions from the Eighth Circuit and the United States Supreme Court.

In his latest motion to stay filed in October 2019 (Doc. No. 72), Petitioner informed the Court he would be moving to withdraw his guilty plea to the charge of substantial battery in Wisconsin state court.  Petitioner conceded that if his motion was denied, his conviction to that charge qualifies as a violent felony under the ACCA.  (Id. at 2)  Petitioner further conceded that his two prior

convictions for robbery under Minnesota state law qualify as violent felonies under the ACCA. (Id. at 3.) The Court granted the stay.

On December 6, 2019, the government notified the Court that Petitioner's motion to withdraw his guilty plea to the charge of substantial battery was denied. (Doc. No. 74).

Based on the files, record and proceedings herein, the Court finds that Petitioner has not demonstrated that he is entitled to relief because his 2007 conviction in Wisconsin state court for substantial battery, his 1999 conviction in Minnesota state court for Simple Robbery and his 2002 conviction in Minnesota state court for Second Degree Robbery all qualify as violent felonies under the ACCA.

**IV.    Certificate of Appealability**

With regard to the Court's procedural rulings, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). With regard to the Court's decision on the merits, it concludes that no "reasonable jurists would find the district court's

6

assessment of the constitutional claims debatable or wrong." Id. Therefore, the Court denies a Certificate of Appealability in this case.

Accordingly, based on the files, record, and proceedings herein, **IT IS HEREBY ORDERED:**

1. The Petition under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence [Doc. No. 45] is **DENIED** and the case **DISMISSED WITH PREJUDICE**; and

2. The Court denies a Certificate of Appealability in this case.

    **LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: December 18, 2019

s/ Michael J. Davis  
Michael J. Davis  
United States District Court
