UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Anton James Anthony Miller,

    Defendant.

**MEMORANDUM OPINION
AND ORDER**
Crim. No. 07-366 (MJD)

---

This matter is before the Court on Defendant's letter request seeking assistance to qualify for pre-release halfway house placement for the final twelve months of his 188-month sentence. [Doc. No. 77]

Defendant asserts he is entitled to a twelve-month placement in a halfway house under the Second Chance Act ("SCA"), but that his unit manager informed him there was a detainer for a substantial battery charge from the State of Wisconsin and that such detainer precludes his halfway house placement.

The government responds that it reached out to the BOP and learned their records did show such a detainer. The detainer has since been cleared.

In addition, the Court directed the U.S. Probation Office to investigate Defendant's claim. The assigned probation officer contacted Defendant's case manager at the Tucson United States Penitentiary, and was informed that

1

Defendant had not been referred to pre-release halfway house placement due to the fact that he has obtained five high incident reports in the past year which include fighting, engaging in a sexual act, stealing and interfering with staff. (Doc. No. 80.)

The SCA provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1).

As the above language makes clear, the BOP is to ensure a prisoner spends no more than the last twelve months of his sentence in a residential reentry center ("RRC"). Nothing in the SCA mandates a twelve-month placement.

Furthermore, courts in this District have held that 18 U.S.C. § 3625 precludes judicial review of the BOP's discretionary decisions under §§ 3621 and 3624 regarding RRC placements. Berry v. Marques, 18-cv-934 (SRN/TNL), 2018 WL 3750543, at *3 (D. Minn. July 18, 2018) (listing cases). Judicial review may be available "for any allegations that the BOP's action is contrary to established federal law, violated the Constitution, or exceeds statutory authority." Id.

(citation omitted). Because Defendant has not demonstrated that the BOP has violated the law or his Constitutional rights or acted outside its statutory authority, he has not demonstrated that he is entitled to further relief.

IT IS HEREBY ORDERED that Defendant's request for assistance to qualify for a twelve-month pre-release halfway house placement [Doc. No. 77] is DENIED.

Date: May 5, 2021

s/Michael J. Davis  
Michael J. Davis  
United States District Court